IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Angela Perkins-Moore, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  4:19-cv-1892 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ROBERT L. WILKIE | ) | |
| SECRETARY OF VETERANS AFFAIRS. | ) | |
| | | |
| Defendant. | | |

## COMPLAINT

COMES NOW, Plaintiff, Angela Perkins-Moore, by and through the undersigned attorney and, files herewith the instant Complaint.  In support of the same, Plaintiff states as follows:

1. This action is brought pursuant to the Rehabilitation Act of 1973, as amended, 29 USC 706; 791 et seq. (29 C.F.R. Part 1614); Title Vll of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq. (Title Vll).

2. Jurisdiction and venue are proper in this Court pursuant to 28 USC §§ 1331 and 1343.

## PARTIES

3. Plaintiff, at all times relevant to this action, was a citizen of the State of Missouri and a resident of St. Louis County, Missouri.

4. Plaintiff was at all relevant times mentioned herein, employed by the Department of Veterans Affairs – Veterans Service Center – St. Louis Regional Office.

1

5. The Department of Veterans Affairs is located at 9700 Page Avenue, St. Louis, County Missouri 63101.

6. At all times relevant, Defendant employed more than fifteen (15) people.

## ADMINISTRATIVE REMEDIES EXHAUSTED

7. On December 27, 2016, Plaintiff filed an Equal Employment Opportunity complaint alleging discrimination on the bases of disability, race (African American) against officials of the VA Regional Office, Saint Louis, Missouri.

8. On April 9, 2019, the Department of Veterans Affairs Office of Employment Discrimination issued a Final Agency Decision (FAD).

9. The Right To File A Civil Action was given to Plaintiff contemporaneous with the FAD.

10. This lawsuit was timely filed within (90) days of receipt of the mentioned letter.

## FACTUAL ALLEGATIONS

11. Plaintiff is an African-America female with a disability.

12. She is currently employed by defendant as a Veterans Service Representative.

13. On September 14, 2016, Plaintiff requested an accommodation for full-time telework. Thereafter, the agency failed to provide Plaintiff with a reasonable accommodation (Full-time telework).

## COUNT I
## DISABILITY DISCRIMINATION

Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 13 herein.

14. Allowing an individual with a disability to work at home may be a reasonable accommodation where the person's disability prevents successfully performing the job on-site

and the job, or parts of the job, can be performed at home without causing significant difficulty or expense.

15. Plaintiff has a condition that causes narrowing of the spaces within her spine, commonly referred to as spinal stenosis, which puts pressure on the nerves that travel through the spine.

16. The referenced condition made it increasingly difficult for Plaintiff to perform her job without an accommodation, as the pain and numbness radiates throughout her lower body within an hour or so after she sits down at her desk.

17. Accordingly, on September 29, 2016, Plaintiff requested a reasonable accommodation.

18. On March 14, 2017, management denied the requested accommodation for full time telework and instead provided Plaintiff with a sit/stand workstation.

19. The sit/stand workstation was not an effective solution to the pain and numbness caused by her medical condition.

20. Management's alternative accommodation was not suitable for Plaintiff's back impairment, because sitting, standing, and walking is painful.

21. On April 3, 2017, Plaintiff submitted a request for reconsideration to the Director's office.

22. On April 6, 2017, Plaintiff informed the Assistant Director that the alternative accommodations were ineffective and inadequate.

23. Director denied the appeal request and the initial decision remained unchanged.

24. On October 10, 2016, Plaintiff's medical provider stated that she could no longer sit, stand, or walk, without experiencing pain, and could only be relieved of the pain by taking very hot showers 2-3 times a day, or by sitting or lying in bed with her feet elevated.

25. On October 21 , 2016, the second medical provider stated that she had a limited tolerance to walking and standing and had lower extremity weakness.

26. Both medical providers concluded that full time telework would allow Plaintiff to change positions as needed to relieve discomfort.

27. On December 5, 2016, the LRAC sent a letter to Plaintiff entitled "Additional medical information required for reasonable accommodation." The LRAC directed Plaintiff to consult with her medical providers for yet more information.

28. To wit, LRAC required her medical providers to submit specific information as to how her medical issues limit her daily assignments and how her requested accommodation would allow her to perform the essential functions of her job.

29. The additional information requested by the LRAC was redundant and unnecessary, as two medical providers had already answered these questions.

30. Defendant denied Plaintiff's request for an accommodation for discriminatory reasons.

31. Consequently, Plaintiff was forced to work in the office, without the requested accommodation, causing her to experience significant pain on a daily basis.

32. The decision to deny Plaintiff's request for an accommodation - full time telework was based on her protected classes.

33. Defendant is required to provide reasonable accommodations to qualified individuals with disabilities, unless doing so would cause the agency an undue hardship.

34. Allowing Plaintiff to telework did not cause the agency an undue hardship.

35. Plaintiff was disabled within the meaning of the Act.

36. Plaintiff was otherwise qualified for the position, with or without reasonable accommodation.

37. Defendant knew or had reason to know about Plaintiff's disability.

38. Plaintiff requested an accommodation.

39. Defendant failed to provide the <u>necessary</u> accommodation.

40. Defendant intentionally engaged in unlawful employment practices by discriminating against Plaintiff based upon disability in violation of the Rehabilitation Act of 1973, as amended, 29 U S.C. 706; 791 et seq. (Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614).

41. As a direct and proximate result of the Defendants actions, Plaintiff has suffered experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental distress and anxiety as a result of defendant's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment in favor of plaintiff and against defendant along with an Order:

A. declaring the conduct of described herein, in violation of the Rehabilitation Act of 1973, as amended, 29 U S.C. 706; 791 et seq. (Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614)

B. Directing the defendant to compensate the Plaintiff for her all economic losses, including but not limited to emotional distress, restoration of annual and/or sick leave, and punitive damages;

C. Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and

D. Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

## COUNT II

## RACE DISCRIMINATION

Plaintiff re-alleges paragraphs 1 through 41 hereinabove.

42. Plaintiff is an African American female and thus is a member of a protected class.

43. She suffered an adverse action, inasmuch as she requested an accommodation - full-time telework, but it was denied.

44. A causal relationship exists between Plaintiff's membership in a protected class and the adverse action.

45. Other employees outside of plaintiff's protected class were treated differently, or there exists some other evidence that the adverse action occurred under circumstances giving rise to an inference of discrimination.

46. As a direct and proximate result of the Defendants actions, Plaintiff has suffered experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental distress and anxiety as a result of defendant's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment in favor of plaintiff and against defendant along with an Order:

A. Declaring the conduct of described herein, in violation of the Title Vll of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq.

B. Directing the defendant to compensate the Plaintiff for her all economic losses, including but not limited to emotional distress, restoration of annual and/or sick leave, and punitive damages;

C. Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and

D. Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

## COUNT III
## RETALIATION

Plaintiff re-alleges paragraphs 1 through 48 hereinabove.

47. Plaintiff opposed the discriminatory conduct described hereinabove.

48. Defendant failed to listen to and or effectively address Plaintiff's concerns as mentioned hereinabove.

49. Plaintiff advised Defendant that she was filing an EEO Compliant.

50. In fact, she filed a formal EEO Complaint.

51. In response, Defendant closely scrutinized Plaintiff's work and treated her worse than others who had not opposed discrimination.

52. The conduct described herein and herein above was taken by Defendant in response to Plaintiff's opposing discriminatory conduct and filing an EEO Complaint.

53. She was treated less favorably by Defendant after her complaint.

54. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by Title VII

55. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

56. The conduct described hereinabove affects terms conditions and privileges incident to plaintiff's employment.

7

57. As a direct and proximate result of the Defendants actions, Plaintiff has suffered experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental distress and anxiety as a result of defendant's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment in favor of plaintiff and against defendant along with an Order:

E. Declaring the conduct of described herein, in violation of the Title Vll of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq.

F. Directing the defendant to compensate the Plaintiff for her all economic losses, including but not limited to emotional distress, restoration of annual and/or sick leave, and punitive damages;

G. Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and

H. Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

Respectfully submitted,

/s/ Christopher B. Bent, # 45875
Law Office of Christopher Bent, LLC
2200 West Port Plaza Drive
Suite 306
St. Louis, MO 63146
Phone: (314) 439-0287
Fax:    (314) 558-2622