UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANGELA PERKINS-MOORE,                  )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        No. 4:19 CV 1892 DDN
                                       )
ROBERT WILKIE, Secretary of the        )
Department of Veterans Affairs,        )
                                       )
        Defendant.                     )

## MEMORANDUM AND ORDER

This action is before the Court on the motion of plaintiff Angela Perkins-Moore for sanctions against defendant Robert Wilke, Secretary, United States Department of Veteran's Affairs, because defendant failed to participate in mediation in good faith. (Doc. 35.)

## DISCUSSION

In her complaint, plaintiff alleges employment discrimination against defendant on account of disability and race, and alleges defendant retaliated against her for making an administrative charge.  (Doc. 1.)  In its answer, defendant denies liability and asserts affirmative defenses.  (Doc. 7.)

On October 9, 2019, the Court referred the case to Alternative Dispute Resolution. (Doc. 13.)  The parties selected Francis X. Neuner, Jr., Esq., as their Neutral and an ADR mediation conference was held on August 11, 2020. (Doc. 34.)  The Neutral's report was filed on August 19, 2020.  (Doc. 34.)   In the report, the Neutral stated, "All required individuals, parties, counsel of record, corporate representatives, and/or claims professionals attended and participated in the ADR conference in good faith, and each possessed the requisite settlement authority."  (*Id.*)

Plaintiff argues that defendant failed to participate in the mediation in good faith and failed to adhere to the requirements of E. D. Mo. Local Rule 6.02(C)(1)(b).  That rule subsection provides in relevant part:

> **Government Entity.**   A unit or agency of government satisfies this attendance requirement if represented by a person who has authority to settle, and who is knowledgeable about the facts of the case, the government unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements.

E. D. MO. L. R. 6.02(C)(1)(b).    Plaintiff argues that in conversations leading to the mediation conference, plaintiff's counsel unequivocally told defense counsel that "a monetary component" was essential to any settlement.  Nevertheless, defendant suggested proceeding in the ADR process and plaintiff hoped both parties would be in good faith and that "[a]n open discussion between the parties could make it worthwhile." (Doc. 36 at 3.) During the mediation conference, plaintiff presented a monetary demand, but defendant made only a non-monetary offer.   During post-mediation conversations defendant presented a monetary range to resolve the dispute.  (*Id.* at 4.)    Ultimately, in a later conversation, defendant rejected plaintiff's settlement demand.  (*Id.* at 5.)

Plaintiff seeks sanctions against defendant that include payment of plaintiff's reasonable expenses in the mediation effort, including attorney's fees.  (*Id.* at 10.)

Defendant argues that it participated in the proceedings in good faith, that it had the requisite authority to settle, and that plaintiff could have filed a motion to stay the mediation process. (Doc. 37 at 3.)  Defendant likened plaintiff's argument as demanding plaintiff's satisfaction or plaintiff would seek sanctions.  (*Id.* at 4.)

The Federal Rules of Civil Procedure, this Court's local rules, and the specific Court Order in this case referring the case to ADR do not and cannot mandate settlement. *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1061 (E.D. Mo. 2000).   Good faith participation in ADR does not require settlement; in fact, an ADR conference conducted in good faith can be helpful, even if settlement is not reached. *Id.*  On the other hand, the rules governing ADR are designed to prevent abuse of the opponent, which can and does occur when one side does not participate in good faith. *Id.*  Meaningful negotiations cannot

2

occur, if the only representative of a party with authority to actually negotiate and settle is not present. *Id*.

In this case, defendant argues it conducted discovery necessary to prepare for mediation, interviewed relevant VA employees, drafted the requisite memorandum supporting its position, and brought to the mediation the authority necessary to resolve the case consistent with its assessment. The Neutral's Alternate Dispute Resolution Compliance Report supports defendant's position, in that, the Neutral reports that both parties attended and participated in the ADR conference in good faith with the requisite authority. Further, the report makes no mention of conduct amounting to bad faith.

Accordingly, the Court finds from the entire record that defendant participated in the ADR proceeding in good faith consistent with Local Rule 6.02(C)(1)(b).

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions (Doc. 35) is **denied**.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 14th day of September, 2020.

3