UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANGELA PERKINS-MOORE,           )
                                )
        Plaintiff,              )
                                )
    v.                          )        No. 4:19 CV 1892 DDN
                                )
DENIS RICHARD McDONOUGH,         )
Secretary of Veterans Affairs,[1] )
                                )
        Defendant.             )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Secretary of Veterans Affairs for summary judgment under Fed. R. Civ. P. 56.  (Doc. 46.)  Plaintiff Angela Perkins-Moore opposes the motion as to the Count 1 claim. (*See* Doc. 58; Doc. 71 at 1.) For the reasons set forth below, the Court grants the motion in part and denies it in part.

## Plaintiff's Complaint

Plaintiff alleges the following facts in her complaint.  She is employed by the Department of Veterans Affairs as a Veterans Service Representative at the Veterans Service Center, St. Louis Regional Office.  (Doc. 1 at 1.)  On December 27, 2016, plaintiff filed an Equal Employment Opportunity (EEO) charge alleging discrimination on the basis of disability and race (African American) against VA officials. On April 9, 2019, the Department of Veterans Affairs Office of Employment Discrimination issued a Final Agency Decision (FAD) which authorized plaintiff to commence this judicial civil action. (*Id*. at 2.)

---

[1] On February 9, 2021, Denis Richard McDonough was sworn in as the Secretary of Veterans Affairs.  *See* https://www.va.gov/opa/bios/secva.asp.  Pursuant to Federal Rule of Civil Procedure 25(d) Mr. McDonough is automatically substituted in his official capacity for Robert Wilkie as the defendant in this action.

Plaintiff alleges she has a disability, *i.e.* spinal stenosis, a condition involving narrowing of the spaces within the spine that puts pressure on the nerves that travel through the spine.  This condition makes it "increasingly difficult for [her] to perform her job without an accommodation, as the pain and numbness radiates throughout her lower body within an hour or so after she sits down at her desk." (*Id*. at 3.)  On September 14, 2016, plaintiff requested the accommodation of full-time teleworking. (*Id*. at 2.)

In October 2016, two of her medical providers stated she could no longer sit, stand, or walk without pain that could be relieved only by her taking very hot showers two to three times a day or by sitting or lying in bed with her feet elevated.  Both medical providers opined that full time telework would allow plaintiff to change positions to relieve her discomfort.  (*Id.* at 4.)

On December 5, 2016, the VA Local Area Regional Accommodations Coordinator directed her to provide more information from her medical providers about her disability and how her teleworking would allow her to perform the essential functions of her job.  This is information plaintiff believed had already been provided.  (*Id.*)

On March 14, 2017, the VA denied plaintiff the requested accommodation and instead provided her a sit/stand workstation as an accommodation. (*Id*. at 3.)

Plaintiff alleges defendant denied her request for an accommodation, which forced her to work in the office with significant pain on a daily basis.  (*Id.*)

Plaintiff alleges the VA denied the request to telework because of her spinal stenosis (*id*. at 5) and because she is African American (*id*. at 6).  Plaintiff also alleges she informed the VA that she was filing an EEO charge. (*Id*. at 7.)

Plaintiff's judicial complaint alleges the following claims:

(1)    Disability discrimination, in violation of the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*;

(2)    Race discrimination, in violation of Title Vll of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,*; and

(3)    Retaliation, in violation of Title Vll of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

## MOTION FOR SUMMARY JUDGMENT

### Legal Standard

Summary judgment is appropriate "[i]f there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770-71 (8th Cir. 2012); *see also* Fed. R. Civ. P. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If movant is successful in this regard, the burden shifts to the non-moving party to demonstrate that disputes of fact exist. *Id.* It is the nonmoving party's burden to proffer specific factual support by affidavit or other evidence to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.

### Discussion

Defendant moves for summary judgment on all three claims. (Doc. 46.) Plaintiff's responsive memorandum opposes defendant's motion only as to the Count 1 claim of disability discrimination. Plaintiff did not substantially oppose the motion regarding Counts 2 (race discrimination) and 3 (retaliation). (Doc. 58.) As a result, Counts 2 and 3 are dismissed.

### Count 1--Disability Discrimination

The Rehabilitation Act provides:

> No otherwise qualified individuals with a disability . . . shall, solely by reason of her or his disability,  . . . be subjected to discrimination  . . . under any program or activity . . . conducted by any Executive agency . . . .

29 U.S.C. § 794(a). Under the Act, an employer must make reasonable accommodations to an employee with a disability. *Peebles v. Potter,* 354 F.3d 761, 765 (8th Cir. 2004). However, the employee must first establish a prima facie case of disability discrimination and the employer's failure to accommodate. *Bohner v. Union Pac. R.R. Co.*, 2020 WL

5517575, *2 (E.D. Mo. Sept. 14, 2020).   To establish a prima facie case of disability discrimination, a plaintiff must show: (1) that she is disabled, (2) that she is qualified to do the essential job function with or without reasonable accommodation, and (3) that she suffered an adverse action due to her disability.  *Dick v. Dickinson State University*, 826 F.3d 1054, 1060 (8th Cir. 2016) (citing *Buboltz v. Residential Advantages, Inc.* 523 F.d3d 864, 868 (8th Cir. 2008)).

Defendant argues plaintiff has failed to establish a prima facie case because she has not suffered an adverse employment action due to her disability.  Defendant argues that its decision not to grant plaintiff the teleworking accommodation did not involve her being terminated or demoted or suffering any loss in pay or benefits or receiving less than a fully satisfactory performance rating.

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." Buboltz, 523 F.3d at 868. Examples include "[t]ermination, cuts in pay or benefits, and changes that affect an employee's future career prospects." Id. **An employer is also liable for committing an adverse employment action if the employee in need of assistance actually requested but was denied a reasonable accommodation**. Hatchett v. Philander Smith College, 251 F.3d 670, 675 (8th Cir. 2001). Merely being unhappy with employment changes, on the other hand, is not enough to constitute an adverse employment action. Buboltz, 523 F.3d at 868. Thus, "job reassignment involving no corresponding reduction in salary, benefits, or prestige" or "minor changes in duties or working conditions, even ... unwelcome ones" are insufficient for a claim of employment discrimination under the Rehabilitation Act. Id. It is also important to note that the "person's disability [must] serve as the *sole* impetus for a defendant's adverse action against the plaintiff." Wojewski v. Rapid City Reg'l Hosp., Inc., 450 F.3d 338, 344 (8th Cir. 2006) (quoting Amir v. St. Louis Univ., 184 F.3d 1017, 1029 n.5 (8th Cir. 1999)). "A reasonable accommodation is one which enables a[n] individual with a disability to perform the essential functions of the position." Hatchett, 251 F.3d at 675. This does not mean the employer must hire additional employees, id. give other employees more work, id. or give the disabled employee indefinite leave, Myers v. Hose, 50 F.3d 278, 283 (4th Cir. 1995).

*Id.* (bolding added).  In this case, plaintiff has proffered sufficient evidence that, due to spinal stenosis, she was in need of assistance and that she requested a specific

accommodation but was denied it. *See, e.g.* Doc. 50-3 (Plaintiff's Dep.) at 25-64.   Plaintiff has therefore established a *prima facie* case that she has suffered an adverse employment action.

Next, defendant argues plaintiff is unable to establish that defendant failed to provide reasonable accommodations for her disability or that it failed to participate in an interactive process to resolve her entitlement to a reasonable accommodation.  The Court concludes that plaintiff has proffered sufficient evidence to contradict defendant's arguments.

Plaintiff has proffered that her disabling condition, *i.e.* spinal stenosis that causes back pain severe enough to affect her ability to walk, and sit and stand for extended periods of time.  It limits her ability to twist, bend, and lift.  To continue working for the VA at her location, while suffering severe back pain, required plaintiff to walk from her apartment to her car, sit in her car for 40 minutes as she drove to her VA office, then work in pain at her office before returning to her car to drive home and return to her apartment in pain.   She received treatment for the pain from her medical providers.  One provider advised her that the pain could be relieved by her taking hot showers during the day and lying on her back with her legs elevated.

Defendant argues that plaintiff was provided three therapeutic methods and a sit/stand desk, and that neither of plaintiff's healthcare providers supported her telework demand.  Defendant also argues plaintiff refused to use the offered alternative, reasonable accommodations and, therefore, cannot prove they were ineffective. Finally, allegedly by choice, plaintiff limited her participation in the interactive process in which defendant participated in good faith.

Plaintiff proffers that Timothy Knefelkamp, her supervisor, was responsible for determining whether her requested teleworking accommodation was granted or denied. (Doc. 50, Ex. 27, Kenfelkamp depo. at 91.)  She expressed a desire to participate in the interactive process with Mr. Knefelkamp only in writing in support of her need for a reasonable accommodation.  Mr. Knefelkamp was advised by Susan Dobbs, VA Local Area Regional Accommodations Coordinator, that plaintiff's functional disability included

prolonged sitting, standing, walking, bending, and lifting. (Doc. 50-27 at 60-61.)   Mr. Knefelkamp, as part of the interactive process, did not ask plaintiff how long she could sit, how long she could stand, how far she could walk before experiencing pain, and how far she commuted from home to work. (*See* Doc. 50, Ex. 28, Knefelkamp depo. 191-92; 192:18-21; 192:22-25; 193:1-33.)   Although Mr. Knefelkamp agreed that plaintiff is a qualified individual with a need for reasonable accommodation, only after six months after plaintiff's accommodation request, and after she had exhausted all leave, he offered plaintiff a sit/stand desk in response to her request to telework. (Doc. 50, Ex. 27, Kenfelkamp depo. at 91, 99.)

Plaintiff argues the sit/stand desk did not address her need to implement the pain relief remedies, recommended by her doctor (Dr. Boutwell), specifically to take a hot shower or to lie on her back with legs elevated while working. (Doc. 58 at 5, 9.)   She asserts the offer of annual leave to take hot showers at home and then return to work was illusory, in that, plaintiff already had a right to use sick leave, which had been exhausted, to drive home to take a hot shower and then return to work. (Doc. 58 at 11.)   Further, defendant suggests plaintiff could have lain down in the VA facility's "tranquility room" whenever necessary for pain relief.  However, it would have been very difficult for plaintiff to maneuver from a standing position to a mat-lined floor. (See Doc. 58 at 12.)   Therefore, plaintiff argues, she could have been reasonably accommodated by teleworking but for defendant's lack of good faith.  In fact, in January 2018, the VA allowed plaintiff to start teleworking. (*See* Doc. 58 at 13.)

A claim for failure to engage in the interactive process requires, among other things, proof that: "3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Bohner v. Union Pacific Railroad Company*, 2020 WL 5517575, *2 (E.D. Mo. Sept. 14, 2020).  In a failure to accommodate case, such as this, "the 'discrimination' is framed in terms of the failure to fulfill an affirmative duty—the failure to reasonably accommodate the disabled individual's limitations." *Peebles v. Potter,* 354 F.3d 761, 767 (8th Cir.2004)*.*  "[I]t is not the employer's discriminatory intent

in taking adverse employment action against a disabled individual that matters.  Rather, discrimination occurs when the employer fails to abide by a legally imposed duty. The known disability triggers the duty to reasonably accommodate and, if the employer fails to fulfill that duty, we do not care if he was motivated by the disability." *Id.* (citations omitted).

Here, plaintiff must make a facial showing that she has a disability, that she suffered an adverse employment action, and that she is a "qualified individual," with or without reasonable accommodation. *Id*.  Plaintiff need only "make a facial showing that a reasonable accommodation is possible." *Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 950* (8th Cir. 1999).  Plaintiff has done so.  The burden of production then shifts to the employer "to show that it is unable to accommodate." *Id.*  In the instant case, defendant was obligated to engage in an informal, interactive process with plaintiff to identify the limitations caused by the disability and the potential reasonable accommodations to overcome those limitations.  Plaintiff has proffered sufficient evidence for a reasonable fact finder to find that defendant did not assist plaintiff in good faith in seeking accommodations and that she could have been reasonably accommodated but for the employer's lack of good faith.

The parties' two accounts contradict each other and raise a genuine dispute regarding material facts.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant for summary judgment (Doc. 46), **is sustained as to plaintiff's Count 2 and Count 3 claims.  As to the Count 1 claim of disability discrimination the motion is denied.**


**/s/ David D. Noce**
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 31, 2021.